No. 698.—ARMAS GILLARD *v.* PLACIDE C. HUVAL.

*Parol testimony is admissible to show the consideration of a promissory note.*

Payments that have been made, after emancipation, on notes given for slaves and personal property before emancipation, will be imputed to that portion of the debt which is ascertained to be for the personal property; that being the most onerous, and in fact the only part of the debt that is exigible at all.

APPEAL from Third District Court, parish of St. Martin. *Train*, J. *Gary & Fournet*, for plaintiff and appellee. *DeBlanc & Perry*, for defendant and appellant.

WYLY, J. This is a suit on a promissory note, the defense to which is its slave consideration.

The court gave judgment for the plaintiff for the amount of the note, less a credit of $340, paid on the fifth of November, 1865; and the defendant has appealed. An examination of this case satisfies us that the judgment is erroneous. It was competent to prove by parol the consideration of the note. The bill of exceptions was not well taken.

There is no doubt that the consideration of the note was the balance due by the defendant in the partition of a succession to which he was called with his coheirs, which was part slaves and part personal property—the slave part of the lot drawn by the defendant being valued at $5450, and the other property being valued at $1182 72. The note evidences the amount, the lot drawn by the defendant, exceeded that drawn by the payee under the doctrine settled in Sandidge v. Sanderson, 21 An. 757. The note is only exigible for that part which was not for slaves, the proportion thereof being about $203.

This amount was extinguished by the payment of $348, made on the fifth of November, 1865. This part of the contract being then more onerous, and, indeed, the only part exigible, the payment should be imputed to it under the law then in force. We therefore think that there is nothing due the plaintiff under the constitution and settled jurisprudence of this State.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that there be judgment for the defendant, plaintiff paying all costs.